IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIERA MATHIS, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00898-XR |
| vs. | § § § | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, ARLENE HERRERA, INDIVIDUAL CAPACITY, SOCIAL WORKER OF TDFPS, | § § § § § § § | |
| *Defendants.* | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

Before the Court is the above-styled cause of action, which was automatically referred to the undersigned upon filing for an order on Plaintiff's Motion to Proceed *In Forma Pauperis* and for a review for frivolousness prior to permitting service of Plaintiff's Complaint on Defendants. *See* 28 U.S.C. § 1915(e)(2)(B). The undersigned granted Plaintiff's motion to proceed *in forma pauperis* on September 20, 2021, but ordered Plaintiff to file a more definite statement clarifying the factual allegations underlying this suit [#4]. Plaintiff filed her Amended Complaint on September 27, 2021 [#6], which the Court construes as her More Definite Statement. Plaintiff has also filed a motion to compel, in which she asks the Court to compel Defendants to respond to various interrogatories.

The undersigned has screened Plaintiff's pleadings under the standards set forth in Section 1915(e) and finds that Plaintiff's claims are time-barred. For the reasons that follow, the undersigned therefore recommends that the District Court dismiss Plaintiff's claims. The

1

undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's proposed Complaint names two Defendants—the Texas Department of Family and Protective Services ("TDFPS") and Arlene Herrera (a social worker with TDFPS). (Compl. [#1-2] at 1.) Plaintiff alleges that Herrera wrongfully seized her three children without a warrant on August 27, 2019, and thereby violated her constitutional right to the care and custody of her children. (*Id.* at 1–2.) Plaintiff's Complaint references 42 U.S.C. § 1983, among other statutes. Plaintiff's Complaint does not contain any other factual allegations regarding the alleged seizure of her children.

Based on the limited allegations in Plaintiff's Complaint, the Court had concerns that Plaintiff's claims might be barred by the *Rooker-Feldman* doctrine and ordered her to supplement her factual allegations. Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-*

*Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Insofar as Plaintiff's suit is challenging a state-court custody order regarding her children, this Court would likely lack jurisdiction.

Plaintiff's Amended Complaint does not respond to all of the Court's questions regarding the underlying facts giving rise to her suit, but it does clarify that her suit focuses on the acts of Defendants prior to any issuance of a state-court order. Plaintiff alleges that Defendants seized her children on August 27, 2019, without a warrant and without any reason to believe that her children were in danger. Plaintiff claims that her children were not abused, abandoned, or neglected; that she had ample food and a home full of unconditional love; that she has no history of substance abuse or domestic abuse; and that she was nonetheless denied her right to the care of her offspring for almost a year. Plaintiff alleges that Defendants acted on unsupportable allegations of sexual abuse when her child merely had a urinary tract infection and treated her depression as if it were a crime. According to Plaintiffs' pleadings, she was not afforded a hearing until September 16, 2019, weeks after the children's removal.

The fact that a state custody order is ultimately issued does not bar federal court jurisdiction in all instances. The Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014). Therefore, there are some circumstances in which a federal lawsuit would not be barred under *Rooker-Feldman*, such as where the alleged injuries were caused by the conduct of Defendants leading up to the state court judgment, rather than the judgment itself. *Id.* Because the source of Plaintiff's claimed injuries is not any custody order

issued by the state court but the conduct of Defendants leading up to the issuance of that order, her claims are not necessarily barred by *Rooker-Feldman*. However, there are other defects in Plaintiff's pleadings barring this Court's consideration of her claims.

Plaintiff states that her lawsuit is filed pursuant to 42 U.S.C. § 1983 and references the Fourth and Fourteenth Amendments and her constitutional rights associated with the care and custody of her children. Lawsuits brought under Section 1983 borrow their statute of limitations from the limitations period governing personal injury actions in the state in which the lawsuit is filed. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). In Texas, the applicable limitations period is two years. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). The limitations period begins to run when the plaintiff "becomes aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured." *Id.* (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995)).

Plaintiff's pleadings allege the seizure of her children on August 27, 2019. Plaintiff filed this case on September 20, 2021, more than two years after she became aware of their removal and more than two years after the state court's September 16, 2019 hearing. There is no basis for Plaintiff to argue here that she did not know of her injury until some later date, as the complained-of injury occurred at the moment the children were removed from her custody without a warrant and without a hearing. In rare circumstances, a court may equitably toll the limitations period, meaning that the Court may forgive an untimely filed suit, but only where there is evidence that the plaintiff actively pursued judicial remedies but filed a defective pleading during the statutory period or there was misconduct on the part of the opposing party. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). There is no indication of either here. Plaintiff's Section 1983 claims are therefore time-barred.

The undersigned has reviewed Plaintiff's pleadings, and Plaintiff has not pleaded any other federal claims over which this Court would have jurisdiction. Accordingly, Plaintiff's case should be dismissed pursuant to Section 1915(e).

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that this case be **DISMISSED** pursuant to Section 1915(e) as time-barred. If the District Court agrees with the undersigned's recommendation, the Court should also dismiss Plaintiff's pending Motion to Compel [#7].

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations

contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of October, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE